## JACOB DARST

### v.

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

STATUTE OF LIMITATIONS—*claim must be filed within two years.*
A claim filed April 28, 1880, when the cause of action accrued
October 21, 1877, is barred by the statute of limitations.

The claimant in his petition alleges that he is the
owner of 850 58-100 acres of lands in the County of Peo-
ria, nearly all of which was in 1877 and prior to that
time susceptible of cultivation and was in fact cultivated
by petitioner; that said lands lay along the banks of the
Illinois river; that by authority of the State of Illinois
a lock and dam was erected in the year 1877 across the
said river at or near Copperas Creek; that the erection
of said dam has raised the water in said river so that pe-
titioner's lands have become submerged and a greater
part of the year remain under water so that said lands
are rendered almost worthless for the purpose for which
they were formerly used.

It is claimed that of the 850 58-100 acres, 797 74-100
are so damaged and the amount of damages claimed is
$10,343.60.

To this petition the Attorney General on the part of
the State files his plea interposing the statute of lim-
itations as a defense.

There is a very large amount of testimony taken in this
case in support of the petition. The Commission have
however examined this case only so far as to enable them
to determine the rights of the parties under the state of
pleadings as above stated.

The statute creating the Commission of Claims pro-
vides that the Commission shall have power to hear and
determine all claims against the State for taking or
damaging private property by the State for public pur-
poses in the construction or for the use of any State in-
stitution, river, canal or other public improvement which
have not been already barred by any statute or law of
limitation.

An act of the General Assembly of the State of Illinois to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claims have arisen and any claim not presented and proved up as above and filed shall be forever barred from payment by the State.

The Copperas Creek dam was completed October 21, 1877, and the construction of this dam is the only cause of complaint set out or claimed in the petition. The petition was filed with the Auditor of Public Accounts on the 28th day of April, 1880, more than two years after the construction of said dam. Not having been filed within two years from the time such claim arose such claim is barred by the statute of limitations, and is rejected for that reason. For further particulars reference is had to the opinion filed in the case of Wm. R. Fairbanks for the use of First National Bank of Lacon.